NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLARENCE EDWARD BALDWIN,**
*Petitioner*

**v.**

**DEPARTMENT OF ENERGY,**
*Respondent*

---

2024-1332

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-20-0077-I-1.

---

## ON MOTION

---

Before CHEN, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

### O R D E R

On January 31, 2024, this court issued a show cause order directing the parties to address whether this court had jurisdiction. The Department of Energy ("DOE") responds urging transfer. Clarence Edward Baldwin appears to assert in his motion (ECF No. 12) that this court has jurisdiction, and he files a corrected statement concerning

discrimination purporting to abandon his discrimination claims.

Mr. Baldwin filed an Equal Employment Opportunity ("EEO") complaint with DOE alleging discriminatory personnel actions including alleged termination. DOE found no discrimination. Mr. Baldwin appealed that decision to the Merit Systems Protection Board, and, on November 22, 2019, the Board's administrative judge issued an initial decision dismissing for lack of jurisdiction, which the Board affirmed. Mr. Baldwin seeks this court's review of the Board's decision.

Separately, Mr. Baldwin pursued review of the agency's EEO decision with the Equal Employment Opportunity Commission, which affirmed on July 12, 2021. On October 8, 2021, Mr. Baldwin filed suit in the United States District Court for the District of Columbia, requesting, among other things, an order "directing the Defendant to promote the Plaintiff to the position of GS-13 with back pay and benefits." *Baldwin v. Granholm*, No. 21-cv-2646, Dkt. No. 1 at 8 (D.D.C. Oct. 8, 2021). That case remains pending.

This court lacks jurisdiction over Mr. Baldwin's petition for review. Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2)—i.e., where an employee has made a non-frivolous allegation regarding an action appealable to the Board and that the action was based, at least in part, on covered discrimination. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017).

Before the Board, Mr. Baldwin pursued discrimination claims raised in his EEO complaint. Now, Mr. Baldwin's corrected statement concerning discrimination indicates that he "wish[es] to abandon those discrimination claims and only pursue civil-service claims in the Federal Circuit rather than pursu[e] discrimination claims and civil-service claims in district court," ECF No. 12-2 at 19–21.

However, Mr. Baldwin has not actually abandoned his discrimination claims; he simply seeks to pursue them in his pending district court case instead. That is not permitted. "Congress did not direct or contemplate bifurcated review" under these circumstances, *Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) (en banc), so "a petitioner cannot challenge the non-discrimination issues here while challenging the discrimination issues in district court," *Punch v. NASA*, No. 2016-1804, ECF No. 28 at 4 (Fed. Cir. Apr. 26, 2017).

Under the circumstances, we agree with DOE that we lack jurisdiction because Mr. Baldwin is seeking overlapping relief from both this court and the district court. We further agree with DOE that transfer to the United States District Court for the District of Columbia (the district where Mr. Baldwin was employed and where his discrimination claims are pending) is appropriate. *See* 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

(1) ECF No. 12 is denied.

(2) This matter and all its filings are transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

April 12, 2024                          Jarrett B. Perlow
    Date                                  Clerk of Court